UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

SHARON CARLISLE,
DAVID CARLISE,
JOHN CARLISLE,
PAUL CARLISLE,

        Plaintiffs,

v.

Case No. 14-CV-11768
Hon. Denise Page Hood

MICHELE CARLISLE,

        Defendant.

_____/

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court pursuant to Defendant Michele Carlisle's Amended Motion to Dismiss **[Docket No. 7, filed June 13, 2014]**. Plaintiffs filed a Response to Defendant's Motion to Dismiss **[Docket No. 10, filed September 1, 2014]**. Defendant filed a Reply to the Response **[Docket No. 11, September 5, 2014]**. For the reasons stated below, Defendant's Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiffs Sharon, David, John, and Paul Carlisle bring this case against Michele Carlisle. Defendant was caring for her mother in Tennessee beginning in October 2012. The beneficiaries of the annuities were transferred to Defendant's

name between May 2011 and the death of the mother, Nancy Carlisle, on December 31, 2012.

The annuities originally listed Nancy Carlisle's beneficiaries as her children David, John, Michelle (Defendant), and Paul with 25% each of both annuities. On July 9, 2011, the mother requested the beneficiaries to be changed to Michelle with 40%, Paul with 40% and David with 20%. Between July 2011 and November 2012, several checks and deductions were made from the annuity and bank account. On June 5, 2012, the mother changed the beneficiaries of the annuity to 20% for David, 20% for Paul, and 60% for Michelle. The changes were mailed from Tennessee to Michigan. On October 29, 2012, the mother changed the annuity to make Michelle the sole beneficiary.

Plaintiffs claim the changes made to the beneficiaries of the annuities are invalid, because the signatures do not appear to be that of Nancy Carlisle according to a handwriting expert. Plaintiffs also claim that the change mailed to Michigan is invalid, because it was unauthorized and Nancy was competent in 2012 to make changes to the annuity.

## II.   ANALYSIS

Defendant filed an Amended Motion to Dismiss on June 13, 2014 **[Docket No. 7, filed June 13, 2014].** Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter (diversity)

jurisdiction, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted.

### a. Diversity of Citizenship

"Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state" (*Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)). "The general rule is that diversity is determined at the time of the filing of a lawsuit" (*Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (internal citations omitted)). A jurisdictional defect may be cured if there is complete diversity of citizenship before the trial begins (*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 117 S. Ct. 467, 475, 136 L. Ed. 2d 437 (1996)).

In the present case, Plaintiff Sharon Carlisle filed a Complaint that lacked diversity of citizenship **[Docket No. 1, filed May 2, 2014]**. Plaintiff filed as a personal representative of the estate of Nancy Carlisle. The legal representative of a decedent's estate is deemed to be a citizen of the decedent's State (28 U.S.C. 1332 (c)(2)). The decedent, Nancy Carlisle, was a citizen of Tennessee and as such, the legal representative of her estate was deemed to be a citizen of Tennessee as well. Defendant Michele Carlisle is a citizen of Tennessee as well, and, therefore, there was no diversity of citizenship between the Plaintiff, as a legal representative of Nancy Carlisle, and Defendant.

Plaintiff filed an Amended Complaint and cured the jurisdictional defect before the trial began **[Docket No. 3, filed May 29, 2014]**.  In the Amended Complaint, Plaintiff Sharon Carlisle was no longer pursuing the case as the legal representative of Nancy Carlisle's estate, but rather in her individual capacity and as a citizen of Michigan.  Three other Plaintiffs were added, all of whom are citizens of Michigan.  Since Defendant lived in a different State than each of the Plaintiffs, the Court finds there is diversity of jurisdiction.

### b.  Lack of Personal Jurisdiction

Defendant sought dismissal based on Fed. R. Civ. P. Rule 12(b)(2) for lack of personal jurisdiction.  When the issue of personal jurisdiction is raised, the burden of proof rests upon the party asserting jurisdiction (*Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F. 2d 102, 104 (6th Cir. 1992)).  This burden can be met by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support personal jurisdiction (*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quotation and citation omitted)).  The facts will be construed in the light most favorable to the nonmoving party (*Id*).  The court need only determine whether a plaintiff presented a *prima facie* showing of jurisdiction on the face of the complaint (*Market/Media Research, Inc.*, 951 F. 2d at 104). This may include the pleadings and any affidavits to support any factual allegations (*Id.*).

Dismissal is warranted only if all the facts plaintiffs assert "collectively [fail] to state a *prima facie* case for jurisdiction" (*Id.* at 105). A district court is not required to hold an evidentiary hearing when a plaintiff's pleadings and affidavits are insufficient to make a *prima facie* showing of fact supporting the court's assertion of *in personam* jurisdiction (*Id.* at 106).

In analyzing Michigan's long-arm statute, Michigan courts have construed the statute to bestow the greatest possible grant of personal jurisdiction consistent with due process (*See Sifers v. Horen,* 385 Mich. 195, 1999 (1971)). Where a state's long-arm statute extends to the constitutional limits of the Due Process Clause, the two inquiries merge; courts must only determine whether an assertion of personal jurisdiction over the defendant violates the Due Process Clause (*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir.1996)).

Based on Supreme Court cases, *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945), *Hanson v. Denckla,* 357 U.S. 235, 253 (1958), *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985), and *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980), the Sixth Circuit has set forth a three-part test to determine whether due process requirements have been met. First, the defendant must purposefully avail herself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must

have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable (*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (known as the *Mohasco* factors set forth in *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)).

Addressing the first factor above, Plaintiffs have not shown in the Amended Complaint (hereinafter "Complaint") that Defendant availed herself as to the allegations set forth in the Complaint. There is no dispute that Defendant is a citizen of Tennessee and that the Complaint alleges Defendant cared for the decedent, Nancy Carlisle, in Tennessee (Am. Comp., ¶ 6).  Plaintiffs allege that Andrew Briggs of Farmington Hills, Michigan, had the annuity policy transfer papers drafted at his Farmington Hills office, but do not provide any indication that Defendant availed herself of the privilege of acting in Michigan or causing a consequence in the Michigan.

The Court grants defendant's motion to dismiss for lack of personal jurisdiction on the grounds that Defendant lacks sufficient minimum contacts with this forum.  Because there are no facts alleged in the Complaint as to where and when any of the causes of action arose, Plaintiffs cannot show that any act by Defendant has substantial enough connection with Michigan to make the exercise of jurisdiction over Defendant reasonable.  Plaintiffs have not met their burden that this Court has personal jurisdiction over Defendant.

C. **Failure to State a Claim**

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Accepting all factual allegations as true, the Court reviews the complaint in the light most favorable to the plaintiff (*Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007)). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged (*Id.* at 556).

The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful (*Id.* at 556). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (*Id.* at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The facts Plaintiffs allege do not permit the court to infer more than the mere possibility of misconduct. The Complaint alleges "this case is an action for claim

and delivery" (Am. Comp., ¶ 5). Michigan Court Rule 3.105 states, in pertinent part, "Claim and delivery is a civil action to recover (1) possession of goods or chattels which have been unlawfully taken or unlawfully detained, and (2) damages sustained by the unlawful taking or unlawful detention." There are no allegations to support an action for claim and delivery. Plaintiffs allege that Nancy Carlisle did not sign the checks or that she did not make the change of beneficiary, but do not allege that Defendant was involved in forging Nancy Carlisle's signature.

The Court grants Defendant's motion to dismiss based on failure to state a claim upon which relief can be granted. Plaintiffs have not met the burden of stating sufficient facts to state a claim to relief that is plausible on its face.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Amended Motion to Dismiss **[Docket No. 7, filed June 13, 2014]** is **GRANTED**.

**IT IS ALSO ORDERED** that this case is dismissed and closed.

Dated: November 25, 2014          s/Denise Page Hood
                                  Denise Page Hood
                                  United States District Judge

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 25, 2014, by electronic and/or ordinary mail.

                                         s/LaShawn R. Saulsberry
                                         Case Manager